NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TIMOTHY SALMON, *Appellant*.

No. 1 CA-CR 19-0566
FILED 9-15-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-141927-001
The Honorable Katherine M. Cooper, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Randall M. Howe[1] joined.

---

**W I L L I A M S**, Judge:

¶1        Timothy Salmon[2] appeals his convictions and sentences for aggravated assault, resisting arrest, possession of dangerous drugs, and possession of drug paraphernalia. Salmon's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) advising us there are no meritorious grounds for reversal. Salmon was given the opportunity to file a supplemental brief *in propria persona* but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Salmon, *State v. Guerra*, 161 Ariz. 289, 293 (1989). After reviewing the record, we affirm Salmon's convictions and sentences as modified.

### FACTUAL AND PROCEDURAL HISTORY

¶2        On August 25, 2018, around 10:00 p.m., Officers Davidson and Meyer were on patrol in Phoenix when they saw Salmon riding down the street on a bicycle with no lights or reflectors. Intending to stop Salmon for a traffic violation, the officers turned on the lights and sirens of their fully-marked police vehicle and began following Salmon. The officers instructed Salmon to stop, but he refused, turning around and shouting expletives. While the officers pursued Salmon in the street's median at approximately five miles per hour, Salmon abruptly stopped his bicycle, causing the vehicle to collide into the back tire of Salmon's bicycle. Salmon was not injured in the collision, and, after shouting an expletive at the officers, dismounted the bicycle and began running in the street's median.

---

[1] Judge Randall M. Howe replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge Howe has read the briefs and reviewed the record.

[2] Salmon was indicted under a different name, which was later corrected.

¶3        Officer Meyer ran after Salmon and tackled him to the ground. Salmon fought back, at first by struggling to pull away, but then he punched and kicked Officer Meyer to avoid being handcuffed. Officer Davidson joined Officer Meyer and attempted to secure Salmon's upper body. Salmon pulled a hunting knife from a sheath on his right hip and made stabbing motions toward the officers' necks and faces, but neither officer was stabbed. The officers continued to struggle with Salmon until they were able to remove the knife from Salmon's grip and take him into custody. Salmon sustained injuries requiring emergency room treatment.

¶4        A search incident to arrest revealed Salmon had methamphetamine in a baggie in his pocket, as well as in a capsule on a necklace.

¶5        Salmon was charged with two counts of aggravated assault, Class two dangerous felonies ("Count One" and "Count Two"); resisting arrest, a Class six felony ("Count Three"); possession or use of dangerous drugs, a Class four felony ("Count Four"); and possession of drug paraphernalia, a Class six felony ("Count Five"). Salmon filed a motion to sever Counts One, Two and Three from Counts Four and Five; following oral argument the superior court denied the motion.

¶6        At trial, Salmon renewed his severance motion and also moved for a directed verdict under Rule 20 following the State's presentation of the case. The superior court denied both motions. A jury convicted Salmon on all counts, and determined Counts One and Two were dangerous offenses. Salmon was sentenced to presumptive terms of imprisonment as follows: 10.5 years each for Counts One and Two; 1 year for Count Three; 2.5 years for Count Four; and 1 year for Count Five, all running concurrently, with presentence credit for 392 days served. Salmon filed a motion for a new trial under Rule 24.1, which the court denied. This timely appeal followed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A), 13-4031 and 13-4033.

## DISCUSSION

¶7        After a thorough review of the record, we find no reversible error requiring remand, *Clark*, 196 Ariz. at 541, ¶ 50, but note one error we can resolve. The superior court credited Salmon with 392 days of presentence incarceration. And, although neither the State nor defense counsel discussed presentence incarceration at the sentencing hearing, the presentence report indicates Salmon was incarcerated beginning August

26, 2018. There is nothing in the record suggesting Salmon was ever out-of-custody between August 26, 2018 and September 25, 2019, the date he was sentenced. In fact, the sentencing transcript specifically noted that Salmon appeared "in custody" for sentencing. Because Salmon was continuously in-custody from August 26, 2018 through September 25, 2019, he should have been credited with 396 days of presentence incarceration.

**¶8** The remainder of the record reflects Salmon was present and represented by counsel at all critical stages of the proceedings. The evidence presented supported the convictions, and the sentences imposed fall within the range permitted by law. The superior court appropriately considered and resolved pre-trial, trial, and post-trial motions. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Salmon's constitutional and statutory rights.

## CONCLUSION

**¶9** We have reviewed the entire record for reversible error and find none. Therefore, we affirm Salmon's convictions and sentences but modify the sentencing minute entry to reflect that Salmon is credited with 396 days of presentence incarceration for each of the five counts.

**¶10** After this decision's filing, defense counsel's obligation pertaining to Salmon's representation in this appeal will end. Defense counsel need do no more than inform Salmon of this appeal's outcome and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's own motion, Salmon has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

4